IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 14 2015

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

JAMES R. MARKWITH,              §
                                §
          Movant,               §
                                §
VS.                             §   NO. 4:15-CV-048-A
                                §   (NO. 4:12-CR-138-A)
UNITED STATES OF AMERICA,       §
                                §
          Respondent.           §

## MEMORANDUM OPINION
and
## ORDER

Came on for decision the motion of James R. Markwith ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. After having considered such motion, its supporting memorandum, the government's response, the pertinent parts of the record in Case No. 4:12-CR-138-A, styled "United States of America v. James R. Markwith," and pertinent legal authorities, the court has concluded that such motion should be denied.

I.

## Background

On September 6, 2012, movant pleaded guilty to one count of transporting and distributing a visual depiction of a minor for importation into the United States, in violation of 18 U.S.C. §§

1

2260(b) and 2252(b)(1).  The judgment signed December 26, 2012, memorialized defendant's sentence, which was pronounced and imposed on December 21, 2012.  Defendant was sentenced to a term of imprisonment of 240 months, to be followed by a Life-term of supervised release.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed by an opinion issued October 21, 2013.  Movant did not seek a writ of certiorari by the Supreme Court.  Movant filed his § 2255 motion on January 16, 2015.[1]  The government responded on February 19, 2015.

II.

## Grounds of the Motion

Movant does not define any grounds for relief in his § 2255 motion.  As well as the court can decipher, in his supporting memorandum, movant is complaining of three things which the court will treat as separate grounds.[2]  The first ground is that

---

[1]The court notes that the motion movant filed is missing pages two, three, five, seven, nine, eleven, and thirteen of the form movant used in preparing his motion.  When making reference to the pages or pages of such motion, the court is using the pagination of the header created through the court's ECF system.

[2]While movant verified his motion, Doc. 1 at 7, his verification was meaningless as to the factual bases of his motion because he did not state in the motion any of the facts upon which he relied.  Thus, the motion itself did not comply with the letter or spirit of Rule 2(b)(5) of the Rules Governing Section 2255 Cases in the United States District Courts, which requires that a motion for relief under § 2255 "must . . . specify the facts supporting each ground . . . and . . . be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."  All of the facts upon which movant purports to rely in support of his motion are set forth in his supporting memorandum, which, while being

defense counsel failed to properly object to the contents of the
presentence report, including the enhancements therein.  The
second ground seems to be a collection of complaints that
counsel: (a) failed to argue further for a Rule 20 transfer, (b)
changed his mind and at the last moment recommended going to
trial, and (c) failed to object to factual misstatements in the
presentence report.  The third ground is that counsel failed to
make an argument under the theory of sentencing disparity.


III.

Analysis

A.    Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted.  United States v. Frady, 456 U.S.
152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991).  A defendant can challenge his conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for

---

mentioned in the motion, was not incorporated by reference in the motion.  The supporting memorandum
is not verified by an affidavit or declaration.  Therefore, the purported facts upon which movant relies in
support of his motion are not in a form that would authorize the court to give them evidentiary effect in
ruling on the motion.  However, because the record of movant's criminal case makes so clear that movant
is not entitled to § 2255 relief, the court is not ordering movant to file an amended motion or a properly
verified amended memorandum.

3

the first time on collateral review without showing both "cause"
for her procedural default and "actual prejudice" resulting from
the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors.  It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice.  United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if
issues "are raised and considered on direct appeal, a defendant
is thereafter precluded from urging the same issues in a later
collateral attack."  Moore v. United States, 598 F.2d 439, 441
(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,
517-18 (5th Cir. 1978)).

B.   Legal Standard for Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim,
movant must show that (1) counsel's performance fell below an
objective standard of reasonableness and (2) there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

4

<u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).
"[A] court need not determine whether counsel's performance was
deficient before examining the prejudice suffered by the
defendant as a result of the alleged deficiencies." <u>Strickland</u>,
466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750,
751 (5th Cir. 2000). "The likelihood of a different result must
be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562
U.S. 86 (2011), and a movant must prove that counsel's errors "so
undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result."
<u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011)
(quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this
type of claim must be highly deferential and the defendant must
overcome a strong presumption that his counsel's conduct falls
within the wide range of reasonable professional assistance.
<u>Strickland</u>, 466 U.S. at 689.

C.   <u>The Grounds of the Motion are Without Merit</u>

     1.   <u>Ground One</u>

     Movant's first ground seems to be that counsel failed to
challenge: (1) the five-level sentencing enhancement for
distributing child pornography in exchange for a thing of value,
and (2) the five-level sentencing enhancement for engaging in a

pattern of activity involving sexual abuse or exploitation of a minor.  This claim fails because movant cannot show prejudice.

The magnitude of movant's sentence was not due to movant receiving a ten-level increase in his offense level based on such enhancements.  Instead, defendant's sentence was based on the court's consideration of the sentencing factors contemplated by 18 U.S.C. § 3553(a).  Case No. 4:12-CR-138-A, Doc. 46 at 16.[3] The sentence of imprisonment of 240 months was a variance above the top of the advisory guideline range.  Therefore, even if movant could show that his attorney was ineffective for not arguing against such enhancements and that there is a substantial likelihood that the court would have agreed with such arguments, movant cannot show that the lack of such enhancements would have affected his eventual sentence.

Also, it bears noting that movant's attorney would have had difficulty arguing against such enhancements.  In his factual resume, movant stipulated to the fact that he requested from B.F., "extream pics similar" to those which movant had already sent to B.F., which formed the basis of the enhancement for distribution of child pornography in exchange for a thing of value.  Also, in his post-arrest interview, movant admitted to

_____

[3]The "Case No. 4:12-CR-138-A, Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in Case No. 4:12-CR-138-A.  The "Doc. ___" references are to the docket numbers assigned by the clerk to the referenced items in this Case No. 4:15-CV-048-A.

sexually abusing a minor on one occasion and sexually exploiting a minor on a separate occasion, which formed the basis for the sentencing enhancement for engaging in a pattern of activity involving sexual abuse or exploitation of a minor.

    2.  <u>Ground Two</u>

    Movant's second ground is less focused than the first.  He mentions three issues he had with counsel's performance:  (1) counsel "failed to argue [a] material fact relative further to a Rule 20 transfer that was denied"; (2) counsel changed his advice in the "last days" stating that defendant should plead guilty rather than go to trial; (3) counsel noted an expected time of approximately ten years would be sentenced; and (4) counsel "failed to object to the material mis-statements [sic] of the PSR."  Doc. 4 at 9.

    With regard to the first issue, movant offered no argument as to what such "material fact" was, the likelihood of such fact resulting in the granting of a Rule 20 transfer, and how the denial of such transfer prejudiced him.  For these reasons, movant has not sufficiently alleged a claim of ineffective assistance of counsel based on such conduct.

    Similarly, plaintiff has not alleged that counsel's change of his advice regarding pleading guilty versus going to trial in the "last days" was unwarranted or that he was in some way

prejudiced by such change.  Therefore, movant has not sufficiently alleged a claim of ineffective assistance of counsel based on such conduct.

Furthermore, to whatever extent movant generally is complaining that his attorney did not advise him sufficiently of the potential that he would have received a sentence of imprisonment as long as he did receive, movant has not provided any evidence that would support a finding that the length of movant's sentence resulted from any ineffective assistance on the part of his attorney.

Moreover, the record establishes that when defendant entered his plea of guilty he was fully competent and capable of doing so.  He testified under oath during his rearraignment hearing, when he pleaded guilty, that he understood that his plea of guilty must not be induced or prompted by any promises of any kind, Case No. 4:12-CR-138-A, Doc. 45, at 7-8, that no one made any promise or assurance to him in order to induce him to enter a plea of guilty, id. at 28, and that he understood that even if he received a sentence more severe than expected, he was still bound by his plea of guilty, id. at 29.  Furthermore, the court cautioned movant that, by pleading guilty, he was subjecting himself to a term of imprisonment which could be as much as

8

twenty years. Id. at 27.  Movant stated that he understood.  Id.
at 28.

"Solemn declarations in open court carry a strong
presumption of verity, forming a formidable barrier in any
subsequent collateral proceedings." United States v. Cervantes,
132 F.3d 1106, 1110 (5th Cir. 1998) (citation and internal
quotations omitted).  In order for a defendant to seek habeas
relief on the basis of alleged promises, when defendant has
previously stated under oath that he relied on no such promises,
defendant must prove "(1) the exact terms of the alleged promise,
(2) exactly when, where, and by whom the promise was made, and
(3) the precise identity of an eyewitness to the promise." Id.
Where "the defendant's showing is inconsistent with the bulk of
[his] conduct or otherwise fails to meet [his] burden of proof in
the light of other evidence in the record, an evidentiary hearing
is unnecessary." Id.  In this instance, movant has offered no
evidence of this alleged promise.  Therefore, movant has not
brought forward sufficient evidence to undermine his sworn
statements discussed above.

With regard to movant's complaint that his lawyer failed to
object to alleged misstatements in the PSR, he points to no
specific fact therein which is allegedly a misstatement.
Furthermore, as stated above, movant confessed to the sexual

9

abuse and sexual exploitation of a minor.  Without a specific
statement as to what counsel failed to object to, the court
cannot find that counsel was ineffective for failing to so
object.

    3.   <u>Ground Three</u>

    The third ground on which movant based his ineffective-
assistance claim is that his counsel was allegedly ineffective
for failing to raise an argument regarding sentence disparity.

    Movant discussed six cases he contends are similar to his
own.  None of those cases are from this circuit, and none of
those cases dealt with a defendant who admitted to sexually
abusing or sexually exploiting a minor; those defendants had
never acted out sexually with a minor.  Also, in two of the six
cases, the judgments were vacated and remanded for resentencing.
Therefore, based on this small subset of cases that are
drastically different from movant's situation, movant has not
provided evidence that there is a substantial likelihood of a
different sentence, had counsel made this argument.

    For the reasons stated above, movant's motion is to be
denied.

IV.

<u>Order</u>

Therefore,

The court ORDERS that movant's § 2255 motion be, and is hereby, denied.

\* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 14, 2015.

_____

JOHN McBRYDE
United States District Judge